UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT D. CRAIG,

      Plaintiff,

v.                                                    CASE No. 8:07-CV-804-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

O R D E R

      The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1]   Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

      The plaintiff, who was forty-two years old at the time of the administrative hearing and who has a ninth grade education, has worked primarily as a material spreader and saw operator (Tr. 122, 277).  He filed

_____

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

claims for Social Security disability benefits and supplemental security income, alleging that he became disabled as of December 23, 2004, due to an injured back and herniated disc (Tr. 87). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has the following severe impairments: herniated nucleus pulposus at T11-T12, fracture at L1-L2, and fascial thickening of the left flank[2] (Tr. 27). The law judge determined that these impairments limited the plaintiff to a restricted range of light work (<u>id</u>.). Specifically, the law judge concluded that the plaintiff had the residual functional capacity to "lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk at least two hours in an eight-hour workday, and sit about six hours in an eight-hour workday, with pushing and pulling unlimited" (<u>id</u>.). In addition, the law judge found that the plaintiff "requires the option to alternate sitting and standing at will[.]

---

[2]At the hearing, the plaintiff reported that the doctors suggested that he may have nerve damage in his left hip and left leg (Tr. 278). Because the law judge did not have any medical evidence of nerve damage in the record, he ordered the plaintiff to produce his most recent medical records (Tr. 279-80). Upon receipt of those medical records, the law judge concluded that the plaintiff's report of nerve damage was actually fascial thickening of the left flank (Tr. 28).

-2-

. . . is precluded from more than occasional stooping and should never squat,

kneel, crawl, or climb due to back pain," and "should avoid reaching above

shoulder level" (id.).   The law judge determined that these limitations

prevented the plaintiff from performing past work (Tr. 29).  However, based

upon the testimony of a vocational expert, the law judge concluded that the

plaintiff could perform jobs that exist in significant numbers in the national

economy, such as, at the light work level, ticket seller, mail clerk, and food

assembler, and, at the sedentary work level, ticket checker, telephone

solicitor, and final assembler (Tr. 30).  Accordingly, the law judge decided

that the plaintiff was not disabled (Tr. 31).

Upon the plaintiff's request for review, the Appeals Council first

denied review on March 15, 2007 (Tr. 8), and, after setting aside that decision

to consider additional information, again denied review on May 22, 2007 (Tr.

4).  By denying review, the Appeals Council let the decision of the law judge

stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and

supplemental security income, a claimant must be unable "to engage in any

substantial gainful activity by reason of any medically determinable physical

or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The law judge found that the plaintiff has multiple severe impairments that limit his ability to work, but that do not prevent him from engaging in a reduced range of light work that includes a sit/stand option. The plaintiff contends that the law judge erred in making this determination

-5-

because he improperly discounted opinions of the plaintiff's treating physicians, wrongly discredited the plaintiff's subjective complaints, and failed to elicit an explanation for an alleged inconsistency in the vocational expert's testimony.  None of these contentions warrants reversal.

A.   The plaintiff argues first that the law judge erred in discounting the opinions of two treating physicians that the plaintiff is unable to work (Doc. 12, pp. 8-9).  Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The plaintiff's argument is that the law judge improperly discredited the opinions of Dr. Rachel Velez and Dr. Sunaina Khurana.  With respect to those doctors, the law judge stated (Tr. 29):

> The undersigned has also considered the opinion of Dr. Velez (Exhibit 7F, 10F) and Dr. Khurana (Exhibit 9F), who opined that the claimant was disabled due to back pain.  The undersigned is not persuaded by these opinions because the medical

-6-

> evidence establishes that the claimant decided
> against surgery. Furthermore, the undersigned
> notes that the finding of disability is an issue
> reserved to the Commissioner (Administrative Law
> Judge).

As to this conclusion, the plaintiff asserts that the law judge

failed to establish for the record that the plaintiff refused surgery, that he

failed to ascertain the plaintiff's reasons for refusing surgery, and that he did

not establish that the surgery would restore the plaintiff's ability to work

(Doc. 12, pp. 10-12). These contentions are unpersuasive.

In the first place, the record amply supports the law judge's

conclusion that the plaintiff refused surgery. The plaintiff's impairments

resulted from an automobile accident on December 23, 2004, and as early as

January 13, 2005, a treating neurosurgeon, Dr. Craig A. Fredericks, was

strongly urging surgery for a disc herniation at T11-12 (Tr. 175). The

plaintiff refused to have the surgery, and, although at times he vacillated

about it, as of the hearing in July 2006, he had not had the surgery and none

appears to have been scheduled. The law judge therefore could reasonably

conclude that the plaintiff was refusing surgery.

Furthermore, the plaintiff misses the law judge's point when he

argues that the law judge failed to ascertain why the plaintiff did not undergo

-7-

that treatment or to determine whether the treatment would restore the plaintiff's ability to work. As the Commissioner points out, the law judge was not denying benefits based upon non-compliance with medical treatment. Rather, he was discrediting the plaintiff's subjective complaints on the basis that, if the plaintiff was suffering from as much pain as he alleged, he would have undergone surgery. This conclusion extends to the discounting of the opinions of Drs. Velez and Khurana, since those opinions appear to be based, at least to a significant extent, upon the plaintiff's subjective complaints of pain.

Furthermore, the law judge noted that the finding of disability is an issue reserved to the Commissioner (Tr. 29). Thus, the regulations provide that "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. 404.1527(e)(1), 416.927(e)(1). This reflects that an award of benefits requires a claimant to meet criteria specified in the Social Security law rather than a doctor's vague perception of what constitutes a disability.

In this case, the proper evaluation of disability involves an assessment of the plaintiff's residual functional capacity. 20 C.F.R. 404.1520(a)(4), (e), 416.920(a)(4), (e). The comments from Drs. Velez and

Khurana did not shed any meaningful light on that determination. Neither doctor set forth any functional limitations (except that one month after the accident Dr. Velez stated that the plaintiff should not operate any heavy machinery) (Tr. 221). In light of the lack of any assessment of the plaintiff's ability to do such activities as stand, walk, sit or carry, the conclusory statements that "[t]he severity of these injuries are starting to affect his ability to work" (Tr. 211(Dr. Velez)) and that "[p]t. not able to work at this time" (Tr. 233 (Dr. Khurana)) simply do not assist the law judge in making the critical determination under the Social Security regulations of the plaintiff's residual functional capacity. Moreover, Dr. Velez's statement was made only six months after the accident and contains no prognosis for the plaintiff's condition after twelve months.    The law judge therefore reasonably discounted the opinions by Drs. Velez and Khurana.

B.   The plaintiff next contends that the law judge erred in his determination of the plaintiff's credibility. The plaintiff asserts that the law judge's reasons for discrediting the severity and limiting effects of the physical ailments claimed by the plaintiff were not based on substantial evidence (Doc. 12, pp. 12-15). This argument lacks merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. <u>Dyer</u> v. <u>Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in <u>Landry</u> v. <u>Heckler</u>, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." <u>Hand</u> v. <u>Heckler</u>, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge in this case recognized the need to articulate a credibility determination and referred to the law governing such determinations (Tr. 28), thereby demonstrating that he applied the Eleventh Circuit pain standard. <u>Wilson</u> v. <u>Barnhart</u>, 284 F.3d 1219, 1225-26 (11th Cir.

2002). Under this standard, he found that the plaintiff's impairments could reasonably be expected to produce the alleged symptoms (Tr. 28).

The law judge then evaluated the plaintiff's various complaints and set forth his reasons for discounting, to some extent, the plaintiff's subjective allegations (Tr. 28-29). Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff has severe impairments that restrict him to a reduced range of light work. The law judge rejected only the allegations of total disability.

Based upon his consideration of all of the evidence, the law judge found that the plaintiff's allegations were "not entirely credible" (Tr. 28). The law judge considered several factors which, taken together, support the credibility determination; thus, he considered the lack of corroborative objective medical evidence, the plaintiff's daily activities, and the refusal to undergo surgery. See Macia v. Bowen, 829 F.2d 1009 (11th Cir. 1987).

The law judge found "[t]here is little in the way of the comprehensive medical record of evidence to indicate that the claimant had as many symptoms as presented in his hearing testimony" (Tr. 28). For example, the law judge noted that the plaintiff was involved in a motor vehicle accident on December 23, 2004, but did not seek treatment until

-11-

several days later (id.).  In evaluating the objective diagnostic test results, the

law judge stated that an MRI scan that showed a nondisplaced fracture at L1-

L2 and degenerative disc disease at L4-L5 and L5-S1 revealed no significant

neural compromise (id.).  Likewise, a lumbar myelogram showed mild to

moderate extradural impression on the ventral sac at L4-L5 and L5-S1, but

no impingement on the L5-S1 nerve root (id.).  MRIs of the left hip and left

knee similarly revealed no evidence of significant abnormalities (Tr. 28-29).

In addition, a CT scan showed fascial thickening but was "otherwise

unremarkable" (Tr. 29).  Accordingly, these findings support the conclusion

that, "while the plaintiff does have back problems, his condition would not

appear to preclude all work activity" (id.).

   The law judge noted that this conclusion was also supported by

the plaintiff's daily activities (id.).  A plaintiff's daily activities are properly

included in the evaluation of the credibility of his complaints.  20 C.F.R.

404.1529(c)(3)(i), 416.929(c)(3)(i); May v. Comm'r of SSA, 226 Fed. Appx.

955, 959, 2007 WL 1034725 at *3 (11th Cir. 2007).  The law judge reasoned

that the plaintiff's claim of total disability was inconsistent with his ability to

perform daily activities, such as driving daily, babysitting an eight-year old,

cooking, and shopping (Tr. 28). Consequently, it was reasonable for the plaintiff's complaints to appear less credible to the law judge.

In addition, the law judge considered the credibility of the plaintiff's complaints to be weakened by his refusal to undergo the recommended surgery (Tr. 28, 29). The failure to follow treatment recommended by a treating physician could reasonably be taken by the law judge as an indication that the plaintiff's pain was not as incapacitating as he said.

The law judge noted that the plaintiff testified at the hearing that he had nerve damage in the left hip (Tr. 278), but that when medical evidence was subsequently submitted, it showed only fascial thickening of the left flank (Tr. 28). The plaintiff argues that the law judge erroneously concluded from the plaintiff's testimony that he had nerve damage, which was later determined by the law judge to be fascial thickening of the left flank, that the plaintiff exaggerated his impairments and thus was not credible (Doc. 12, pp. 14-15). However, it is not clear that the law judge relied upon this as a separate justification for discrediting the plaintiff's testimony, but rather mentioned it to support his finding that the plaintiff's complaints are not borne out by the objective medical evidence (Tr. 28). In all events, the

-13-

plaintiff's testimony does demonstrate that he overstated his physical condition.

For these reasons, the law judge's credibility determination is reasonable and supported by substantial evidence. Clearly, the evidence does not compel the contrary conclusion that the plaintiff's testimony was entirely credible.    Consequently, the credibility determination should not be overturned.

C.  The plaintiff argues further that the law judge failed to reconcile purportedly inconsistent information between the Dictionary of Occupational Titles ("DOT") and the vocational expert. The plaintiff asserts that the expert's testimony regarding the plaintiff's ability to perform jobs classified in the DOT as light work, which by definition may require a good deal of walking or standing, is inconsistent with the law judge's determination that the plaintiff is limited to walking or standing for at least two hours a day (Doc. 12, pp. 16-17). This argument ignores that the law judge did not find that the plaintiff could perform a full range of light work, but only a restricted range of such work.  Under these circumstances, it is questionable whether the DOT has any meaningful application. See Barker v. Shalala, 40 F.3d 789, 795 (6th Cir. 1994).

Regardless, the Eleventh Circuit has held that, in the event of a conflict between the testimony of a vocational expert and the DOT, "the VE's testimony 'trumps' the DOT." Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000).  Jones established that the law judge may rely solely upon the testimony of the vocational expert, and thus, whether that testimony conflicts with the DOT is immaterial.  Reliance upon the vocational expert is certainly the proper approach here where the residual functional capacity is a combination of light work (lifting and carrying up to 20 pounds) and sedentary work (limited standing and walking).

Furthermore, the law judge made an alternative finding which restricted the plaintiff to sedentary work.  The vocational expert identified three types of jobs that the plaintiff could perform at that level (Tr. 30).  The plaintiff has not suggested any conflict between the DOT and the expert's testimony regarding those jobs.  This circumstance provides an additional reason why the plaintiff's final contention lacks merit.

It is, therefore, upon consideration,

ORDERED:

That the Commissioner's decision, which is supported by substantial evidence and contains no reversible error, is hereby **AFFIRMED**.

-15-

The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this _____ day of September, 2008.


<u>Thomas G. Wilson</u>
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE